UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BETHANY ABIGAIL TERRILL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 26-CR-10073-FDS |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO CONTINUE TRIAL (ECF NO. 50)**

The government respectfully submits this opposition to defendant Bethany Abigail Terrill's ("Defendant") Motion to Continue Trial (the "Motion," ECF No. 50). In addition to stating its position on the relief Defendant seeks, the government seeks to elaborate on the procedural history of this case and the nature of discovery the government has produced recently. In sum, the government submits that the Motion does not articulate a sound basis for the requested continuance.

**BACKGROUND**

Defendant has been charged in a one-count indictment with violating 18 U.S.C. § 115(a)(1)(B), which makes it crime to "threaten to assault, kidnap, or murder . . . a Federal law enforcement officer . . . with intent to impede, intimidate, or interfere with such . . . law enforcement officer while engaged in the performance of official duties[.]" (*See* Indictment, Dkt. No. 21, dated Mar. 19, 2026.) The Court is aware of the underlying facts of this case, which have been detailed, among other places, in the government's opposition to Defendant's Motion to Suppress. (ECF No. 40, at 1–8.) Of relevance here, the charged threat occurred on September 29, 2025, and Defendant's phone was seized the same day. The government later sought a search

warrant on two separate occasions to review the contents of Defendant's phone (*see id.* at 4–7).

Following the grand jury's return of the Indictment on March 19, 2026 (ECF No. 21), the government produced automatic discovery on March 26, 2026, which included, among other things, certain items from Defendant's phone that were located following an initial review in preparation for presenting the case to the grand jury.

Defendant moved for a speedy trial on April 14, 2026 (ECF No. 25) and, on April 30, 2026, the Court set a trial date of September 14, 2026. On June 5, 2026, Defendant filed a motion to suppress the contents of the phone (ECF No. 39). At a hearing on August 19, 2026, the Court denied the suppression motion and set pre-trial deadlines, including for the disclosure of exhibits and witnesses by August 31, 2026. (ECF No. 49.)

Beginning in or around early August 2026, as the government's 21-day discovery deadline approached and in anticipation of the Court's decision on Defendant's motion to suppress, the government conducted additional searches of Defendant's phone to prepare for the possibility that Defendant's motion would be denied and the contents of the phone would not be suppressed. On August 17, 2026, the government produced a forensic image of Defendant's phone in entirety and, in the cover letter to the production, identified 13 files that the government may use as evidence in chief at the trial of this case. The 13 files identified recently are all of a similar nature to the phone contents produced as a part of the government's automatic discovery production on March 26, 2026—*i.e.* all are suggestive of Defendant's affinity for political violence[1] or firearms[2].

---

[1] The messages touching on political violence include, among others, "And I'm glad a Nazis dead," "My status was . . . 'One Nazi down,'" "That's my new argument when these fuckers die . . . We're all better off," "I'm ok with being violent to extremist white supremacist," "Dude when are we gonna all start wailing on Nazis together, I'm ready!!!!," and "I'm back . . . Sorry been busy celebrating Charlie Kirk day."

[2] The messages touching on firearms include: "I want a gun . . . Can I get one even though I

Following the conference on August 19, 2026, in the morning of August 20, 2026, the government produced native copies of the 13 files based on a conversation between the parties during the conference. And, later in the day on August 20, 2026, Defendant's counsel requested, and the government promptly provided (approximate two hours later), excerpts from six text message threads that the government anticipated it may use as trial exhibits, but clarified decisions on the government's exhibit list would not be final until the August 31, 2026, deadline set by the Court.

On the morning of August 21, 2026, Defendant filed the Motion.

## DISCUSSION

"Because '[t]rial management is peculiarly within the ken of the district court,' such courts have substantial leeway to control their dockets." *United States v. Padilla-Galarza*, 175 F.4th 48, 56 (1st Cir. 2026) (quoting *United States v. Saccoccia*, 58 F.3d 754, 770 (1st Cir. 1995). The Court's discretion surely is limited the Defendant's constitutional rights, but "only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." *United States v. Delgado-Marrero*, 744 F.3d 167, 195 (1st Cir. 2014) (quoting *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983)). In evaluating requests for continuances, courts may consider a number of factors, including:

> the amount of time needed for preparation compared to the actual time available; how diligently the movant used the time available, and whether the movant contributed to his or her perceived predicament; the complexity of the case; other available assistance; the probable utility of a continuance; the extent of any inconvenience to others (including the court, witnesses, and the opposing party); and the likelihood of injustice or unfair prejudice resulting from the denial of a continuance.

*Delgado-Marrero*, 744 F.3d at 195–96.

The Motion lacks the necessary elements needed to meet these factors and support the

went to the psych ward this year lol," and "Can you send me videos of me shooting a gun? Lol."

request for a continuance, and a review of full set of facts and circumstances surrounding the discovery and motion practice in this case reflects no clear basis for the relief Defendant seeks. Moreover, the government resists Defendant's suggestion that the government's recent discovery productions—made in advance of the 21-day deadline—were somehow at odds with the typical discovery practices within this District.

The lone argument offered in support of Defendant's Motion is that the government had only recently produced certain evidence that "may impact strategic decisions related to the trial, which cannot be done in the current time frame," (Mot. at 2) because, among other reasons, the amount of information is too voluminous and the "government has not yet delineated which specific messages they intend to use at trial" (*id.* at 1). While the government is certainly sympathetic to the Defendant's predicament, it would submit that this is not a justifiable reason to continue the case, particularly in light of (i) the procedural history in this case, (ii) nature of the evidence recently produced, (iii) the typical the discovery and trial practices in this District, and (iv) the relative simplicity of this case to prepare for trial.

*First*, as the Court has recognized at recent conferences, Defendant elected to move for a speedy trial in this case and, to date, the Court and the parties have proceeded expeditiously to keep this case on track to be tried by the speedy trial act deadline. For its part, the government produced automatic discovery within a week of the Indictment, which included relevant contents from Defendant's phone that were located upon an initial cursory review of the phone that was done in advance of presenting the case to the grand jury. And, as the trial date and the government's 21-day discovery deadline drew closer, the government began conducting additional searches of the Defendant's phone and ultimately provided a copy of the forensic image of the entire phone in advance of the August 19, 2026, conference. Since then, the government has gone further to

(i) provide copies of 13 individual documents that identified as having content that the government may present during its case and chief; and then (ii) identify for Defendant specific excerpts from six message threads that may become trial exhibits[3]. All of this was done in advance of the 21-day discovery deadline and more than 10 days before the government's trial exhibits are due.

*Second*, with the exception of the body worn camera from Defendant's arrest, which the government received from the Federal Bureau of Investigation on August 19, 2026, and produced to Defendant on August 20, 2026, and a handful of non-substantive investigative reports, all of the recently-produced documents are from Defendant's own Apple iPhone—*i.e.,* records that Defendant presumably has access to through her Apple account. Moreover, the content of the 13 documents the government identified for counsel as potential evidence at trial is all of the same nature as the discovery produced previously, and the government would suggest that none of the newly-produced material would prompt a previously uncontemplated defense motion in limine. Prior to the date of Defense Counsel's motion for continuance, the government proactively produced discovery in accordance with its obligations and not as a result of any specific discovery request from the Defendant; the government received no indication from the Defendant that she had any specific discovery request prior to the recent productions.

*Third*, that the government would be making additional discovery productions in advance of the 21-day deadline is a routine aspect of pre-trial practice in this District and should come as no surprise to counsel. In response to counsel's recent requests, the government has taken the additional step of identifying (far in advance of the deadline for Exhibit lists) the specific excerpts

[3] Defendant's assertion that "the government has not yet delineated which specific messages they intend to use at trial," is inaccurate. Specific excerpts of potential exhibits from those six message threats were provided to counsel for Defendant via email from the government on August 20, 2026, at 5:53 p.m.

that may be possible trial exhibits. Furthermore, after the government submits its exhibit list on August 31, 2026, the government has agreed to provide counsel with copies of the files in exhibit form, the government intends to introduce in its case in chief.

*Fourth*, and finally, in the spectrum of cases handled in this District, this one is far from complex, consisting of approximately 3–4 government witnesses, and 1–2 days of trial time. None of the recently-produced materials substantially changes the complexity such that the burden on Defendant's counsel is more extensive than normal.

**CONCLUSION**

For the foregoing reasons, the Court should deny the Motion and keep the existing pre-trial deadlines in place. If necessary, counsel for the government will make themselves available at the Court's convenience for a telephonic or in-person conference to further discuss these matters.

Dated: August 21, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ ____________________
Luke A. Goldworm
Colin T. Missett
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the court's electronic-filing system (CM/ECF) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

By: /s/________________________
Luke A. Goldworm
Colin T. Missett
Assistant United States Attorney